**UNITED STATES of America**

v.

**Francisco Martin DURAN, Defendant.**

**Crim. No. 94–447 (CRR).**

United States District Court,
District of Columbia.

March 16, 1995.

judicial economy counsels equally, if not more strongly, against bifurcation.

Leigh A. Kenny, Federal Public Defender for D.C., Washington, DC, for defendant.

Eric A. Dubelier, Brenda Jene Johnson, U.S. Attorney's Office, Washington, DC, for U.S.

## *ORDER*

CHARLES R. RICHEY, District Judge.

Before the Court is the Government's Motion *in Limine* for admission of a letter written by the Defendant Duran. The Court is not in receipt of any written Opposition thereto. A hearing was held on the same on March 15, 1995, at which time counsel for the Defendant argued that said letter must be excluded as irrelevant and highly prejudicial. Upon careful consideration of the pleadings, the oral argument of counsel, the relevant law, and the entire record in this case, the Court finds that the Government's Motion shall be granted, but that the letter shall be substantially redacted.

Upon executing a search warrant issued by United States Magistrate Judge Deborah A. Robinson on October 30, 1994, law enforcement officers recovered a three-page handwritten letter from the Defendant's Chevrolet pickup truck. The Government represents that the F.B.I. laboratory has determined that the letter was written by the Defendant and that the Defendant's fingerprints appear on all three pages. Motion at 1 n. 1. In the letter, the Defendant praises the actions of serial killers and mass murderers, and writes, in pertinent part, "[c]an you imagine a higher moral calling than to destroy someone's dreams with one bullet...."

The Government seeks to admit this letter in its case-in-chief as proof of the Defendant's specific intent to kill the President, the motives underlying his actions, and the absence of mistake in his decision to shoot a semi-automatic weapon in the vicinity of the White House. In addition, the Government seeks to admit the letter to rebut the Defendant's insanity defense by proving his ability to appreciate the wrongfulness of his conduct.

As a preliminary matter, the Defendant argues, through counsel, that the letter is not relevant. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

In contrast, the Government contends first that the letter is probative of criminal intent and motive. "Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct."

*Huddleston v. United States,* 485 U.S. 681, 685, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988).

■■ Here, the Court finds that the portion of the Defendant's letter expressing a "moral calling" to "destroy someone's dreams with one bullet," is relevant to the question of whether the Defendant had the specific intent to kill the President on October 29, 1994, when he allegedly discharged numerous rounds of ammunition from a semiautomatic weapon in the direction of the White House. *Cf. United States v. Moore,* 732 F.2d 983, 987 (D.C.Cir.1984) (evidence of prior drug deals relevant to prove that the defendant had the necessary intent to commit the crime of conspiracy to sell cocaine).

This statement is also relevant to establishing the Defendant's motive in shooting in the vicinity of the White House and the absence of mistake or accident. Characterizing as a high moral calling the destroying of another's dreams with one bullet bears directly on the Defendant's motive to perform the crimes charged in the Indictment, which involve firearms, ammunition, and attempted murder.

■ As to the remainder of the letter, however, the Court finds its probative value highly dubious. It is difficult to conceive of how statements glorifying serial killers and mass murderers are relevant to showing that the Defendant had the specific intent to kill the President of the United States when he allegedly shot at the White House on October 29, 1994. *See generally United States v. Miller,* 895 F.2d 1431, 1435 (D.C.Cir.), *cert. denied,* 498 U.S. 825, 111 S.Ct. 79, 112 L.Ed.2d 52 (1990). Rather, these statements appear merely to suggest that, if the Defendant has views of this kind, he must have criminal propensities. This tangential relevance to the material elements of the Indict-

ment does not support the admission of the entire letter.

Although distinct portions of the letter other than the phrase the Court shall admit are arguably relevant to intent or motive, the Court finds that the remainder of the letter must be excluded under Rule 403. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. " '[T]he balancing contemplated by Rule 403 is a matter within the sound discretion of the trial court.' " *United States v. DeLoach,* 654 F.2d 763, 770 (D.C.Cir.1980) (quoting *United States v. Foskey,* 636 F.2d 517, 525 (D.C.Cir. 1980)), *cert. denied,* 450 U.S. 933, 101 S.Ct. 1395, 67 L.Ed.2d 366 (1981), *cert. denied sub nom.,* 450 U.S. 1004, 101 S.Ct. 1717, 68 L.Ed.2d 209 (1981).

In the exercise of its discretion, the Court finds that, aside from the single statement, "[c]an you imagine a higher moral calling that to destroy someone's dreams with one bullet," [1] the probative value of the balance of the letter is substantially outweighed by the danger of unfair prejudice. The danger of prejudice stems from the possibility that the evidence "will be used by the jury primarily for the impermissible purpose of inferring guilt from a general defect in character, and the danger that the evidence will inflame the jury into reaching an impassioned and irrational verdict." *United States v. Lavelle,* 751 F.2d 1266, 1278 (D.C.Cir.1985). In addition to glorifying killers and killing, the letter associates the author with Jeffrey Dahmer, "the infimis [sic] Milwaukee Cannibal," a figure who would likely arouse very strong feelings among jurors because of his horrendous, senseless crimes. In turn, the admission of this and other statements contained in

1. Under 403, a court should " 'lean towards admitting evidence in close cases.' " *Miller,* 895 F.2d at 1436 (quoting *United States v. Manner,* 887 F.2d 317, 322 (D.C.Cir.1989)), *cert. denied,* 498 U.S. 825, 111 S.Ct. 79, 112 L.Ed.2d 52 (1990). As to this single statement, the Court finds that the balance strikes in favor of admitting the evidence, as the statement is probative of intent and motive to commit the crime charged

in Count One of the Indictment, particularly in view of the firearm involved in the offense. *Cf. United States v. Lavelle,* 751 F.2d 1266, 1277 (D.C.Cir.1985) (as direct evidence was unavailable to prove the defendant's subjective intent, evidence of other acts of perjury was necessary to rebut the defendant's claim that her perjurious statements were innocent mistakes and was therefore admissible under Rule 403).

the letter would substantially prejudice the Defendant, particularly in light of their tenuous relevance to the material issues in this case.

■ Moreover, as counsel for the Defendant observed at oral argument, "the court must consider the government's need for the evidence in making its case" with respect to specific intent. *DeLoach,* 654 F.2d at 769. Here, as set forth above, the Court shall allow the statement contained in the letter with respect to killing with a "bullet." The admission of any further statements regarding ending life and acting as "judge, jury, and executioner"—in addition to being unfairly prejudicial—would be cumulative under Rule 403, as the Government has a substantial amount of evidence bearing upon specific intent. Such evidence, if admissible, includes numerous videotapes of the actual shooting, testimony of witnesses who claim the Defendant told them of his intent to kill President Clinton, written statements of the Defendant containing threats to government officials and, among other evidence, a telephone call to the Colorado Office of Senator Ben Nighthorse Campbell indicating the Defendant's plan to go to Washington and "take someone out." This is not a situation where the evidence in question, though prejudicial, is the cornerstone of the Government's case. Accordingly, the Government's Motion *in Limine* shall be granted but the letter shall be redacted as indicated above.

As the Defendant acknowledges, however, the letter is highly relevant to the issue of the Defendant's sanity, and may be admissible should the Defendant choose to pursue the insanity defense. *See* Defendant Duran's Motion for Leave to File Under Seal Defendant's Exhibit 1 in Support of Motion for Bifurcation of Trial (attaching letter as an exhibit which the defense expected to offer at trial if the proceedings were bifurcated). The Government asserts that the Defendant's acknowledgement in the letter that most people "shy away from murder as if there's something wrong with it," and admission that he has "stepped over the line" in "glorifying" murderers, serve to demonstrate the Defendant's ability to appreciate the wrongfulness of his conduct. *See United*

*States v. Bradshaw,* 935 F.2d 295, 302 (D.C.Cir.1991) ("the insanity defense directly puts state of mind at issue, and a prior criminal record for similar acts is highly relevant to the basis for and the reliability of witnesses' testimony about the defendant's appreciation of the unacceptability of his conduct"). Although the Court need not rule at this time, the Court observes that the balance of the letter may be admissible at a later point in the trial if the Defendant decides to go forward with the insanity defense.

Accordingly, it is, by the Court, this 15th day of March, 1995,

ORDERED that the Government's Motion *in Limine* for Admission of Defendant's Letter shall be, and hereby is, GRANTED, but said letter shall be redacted such that only the statement, "[c]an you imagine a higher moral calling than to destroy someone's dreams with one bullet" will be admitted into evidence; and it is

FURTHER ORDERED that, pursuant to *Washington Post v. Robinson,* 935 F.2d 282, 289 (D.C.Cir.1991), this Order shall be, and hereby is, placed UNDER SEAL, until further Order of the Court, as it contains references to portions of the record found inadmissible at trial and because a public airing of the same would prejudice the Defendant's right to a fair and impartial jury and trial.

